**Stacey A. Martinson, P.C.**, OSB No. 074708
stacey.martinson@millernash.com
**Vanessa T. Kuchulis**, OSB No. 154387
vanessa.kuchulis@millernash.com
MILLER NASH LLP
US Bancorp Tower
111 SW Fifth Ave, Ste 3400
Portland, OR 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

*Attorneys for Plaintiff Portland Community College*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PORTLAND COMMUNITY COLLEGE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and DENIS MCDONOUGH, in his official capacity as Secretary of the United States Department of Veterans Affairs,<br><br>Defendants. | Case No. 3:21-cv-01658-AC<br><br>JOINT STATUS REPORT |

Page 1 -   Joint Status Report

4868-1217-1622.3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

Pursuant to the Court's Minute Order entered on May 10, 2023 (ECF 48), counsel for plaintiff Portland Community College ("PCC") and for defendants United States Department of Veterans Affairs and Denis McDonough (collectively, "VA") (together, the "Parties") have conferred and submit the following Joint Status Report.

**JOINT STATUS REPORT**

The Parties are at an impasse and need the Court's assistance to move the case forward. PCC wants the Court to set a deadline for the VA to lodge an administrative record for certain agency actions it claims the VA has taken. The VA wants PCC to seek leave to amend its Second Amended Complaint to plead the certain agency actions for which it wants an administrative record compiled. Each party's position is explained below.

PCC's Position

PCC seeks production of the VA's administrative record. The lawsuit has been pending since November 2021[1] and arises from the VA's determination that PCC was allegedly liable for over $6 million in overpayments of post-9/11 G.I. Bill benefits (the "Alleged Overpayments"). The history between the VA and PCC related to the Alleged Overpayments dates back to 2014. Since 2014, the VA has failed to provide any documents to substantiate the Alleged Overpayments. Accordingly, PCC expects the VA to follow the judicial process required in Administrative Procedure Act ("APA") cases and produce the full Administrative Record.

While the VA claims it has offered PCC certain "remedies" in its letter dated May 3, 2023, and its related filing (*see* ECF 47), the letter and filing (together, the "VA's

---

[1] PCC's Amended Complaint was filed in January 2022, and the Second Amended Complaint was filed more than a year ago in April 2022.

Page 2 -    Joint Status Report

4868-1217-1622.3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

Alleged Remedies") do not resolve PCC's claims and fails to provide PCC the relief it seeks. For example, the VA's Alleged Remedies do not address PCC's claim regarding the VA's decision to retroactively declare flight programs to be "not approved," nor does it concede that the March 2018 Report was arbitrary and capricious. Those claims are referenced squarely in PCC's Third and Fourth Claims for Relief, which provide, in part:

> **Second Amended Complaint ¶ 108**: For example, the VA's letters fail to provide an adequate explanation for the VA's findings. Further, the explanations set forth in the March 2018 Report are, likewise, inadequate. An agency's findings must be accompanied by an adequate explanation, *see FEC v. Rose*, 806 F.2d at 1088, "including a 'rational connection between the facts found and the choice made,'" *Motor Vehicle Mfrs. Ass 'n of US., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983). The agency must be able to provide the "essential facts upon which the administrative decision was based" and explain what justifies the determination with actual evidence beyond a "conclusory statement." *United States v. Dierckman*, 201 F.3d 915, 926 (7th Cir. 2000) (quoting *Bagdonas v. Dep't of the Treasury*, 93 F.3d 422, 426 (7th Cir. 1996)).
>
> **Second Amended Complaint ¶ 114**: Despite approving the PCC Aviation Programs, the VA is now arguing that the PCC Aviation Programs should not have been approved to receive Post-9/11 G.I. Bill funding, and the VA adopted another internal policy to overturn the SAA's approval to recoup the Post-9/11 G.I. Bill funding for those veteran students who were enrolled in the PCC Aviation Programs. This final agency decision also included an arbitrary and capricious decision to retroactively cut off benefits to veteran students, although the VA's manual provides that if the VA suspends any program, then it can only disapprove all *future* enrollments or reenrollments of claimants.
>
> **Second Amended Complaint ¶ 115**: In sum, the VA's decision to retroactively revoke its previous approval of the PCC Aviation Programs, and retroactively cut off benefits, is arbitrary, capricious, and contrary to law.

PCC maintains that it is entitled to a finding by the Court that the VA's final agency actions related to the letter dated January 18, 2018, the March 2018 Report, and the revocation of the approval of PCC's flight programs were arbitrary and capricious. While the VA has repeatedly argued that the VA's decision to revoke approval of PCC's flight program is not a "final agency decision," PCC disagrees. Given the parties' disagreement on this key issue, the

Page 3 -   Joint Status Report

4868-1217-1622.3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

next step is to have the Court review the VA's administrative record. *See Doe #1 v. Trump*, 423 F. Supp. 3d 1040, 1046 (D. Or. 2019) (ordering production of the administrative record and noting "[w]ithout production of the administrative record, it will be difficult conclusively to determine whether the agency action was final.").

Indeed, governing APA case law confirms that "the government is always required to produce an administrative record for the purposes of APA review." *League v. Ross*, 20-CV-05799-LHK, 2020 WL 5441356, at *11 (N.D. Cal. Sept 10, 2020) ("[C]ourts have demanded the production of the administrative record before deciding reviewability."). This requirement is due, in large part, to the fact that the administrative record reflects all the "documents and materials directly or indirectly considered by agency decision-makers **at the time of the decision**." *League v. Ross,* 20-CV-05799-LHK, 2020 WL 5441356, at *12–13 (N.D. Cal. Sept 10, 2020) (emphasis added). Having access to the original record ensures that the agency does not create "impermissible post hoc rationalization[s] that do * * * not reveal the agency's reasons for acting at the time of the action." *Id.*

Here, it is essential that the VA produce its administrative record so that the Court may examine the basis for the VA's final decision related to: (1) the January 2018 letter and March 2018 Report; (2) the retroactive revocation of PCC's approved flight program status[2]; and (3) the VA's decision that the SLP was not mandatory ***at the time*** it was made (rather than under the present "new policy" of the VA).

---

[2] While the VA argues that these are new or "additional" allegations of agency actions, PCC's position is that these agency actions were already identified in PCC's Second Amended Complaint ("SAC") and that no further amendment is necessary. *See* SAC at Third and Fourth Claims for relief.

Page 4 -    Joint Status Report

4868-1217-1622.3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

VA's Position

PCC brought this APA case to challenge VA's decision to hold PCC responsible for $5.6 million in tuition and fees without providing PCC an administrative procedure called the School Liability Process ("SLP"). The Prayer for Relief in the currently operative Second Amended Complaint ("SAC") identifies one agency decision for the Court to set aside: "VA's conclusion that PCC owes approximately $6 million (or any amount) in overpayments related to its aviation programs [a]s arbitrary and capricious or invalid pursuant to the APA." ECF 21 (SAC) at 35. After reviewing the relevant authorities, VA agrees that whether PCC is liable for the tuition and fees must first be determined administratively pursuant to the SLP.

The SLP is a multi-step process by which a Committee determines school liability. These steps include the VA Regional Processing Office providing notice of intent to the hold the school liable, followed by (1) a prehearing conference to discuss the record upon which potential liability is based; (2) an evidentiary hearing before the Committee; (3) a written decision by the Committee; and (4) an administrative appeal of any legal or factual errors in the Committee's decision. *See* 38 C.F.R. §§ 21.4009, 21.9695.

Because none of the above administrative steps happened in this case, VA has withdrawn the challenged decisions finding PCC liable. ECF 47 (Notice of Withdrawal of Agency Decisions). Additionally, VA proposed to PCC that the parties stipulate to entry of judgment confirming that the liability decisions are set aside as invalid and that the SLP is required to adjudicate any liability for tuition and fees.

In response to these developments, PCC has indicated that it wants VA to compile an administrative record for judicial review of two additional agency actions. However, the SAC

Page 5 -    Joint Status Report

4868-1217-1622.3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

does not adequately identify either agency action. To the extent PCC wants to challenge those agency actions, it must amend its pleadings.

First, PCC wants the Court to review a March 2018 Report that PCC says is identified as a final agency action in its Third Claim for Relief. That claim, however, neither identifies the "Report" as a final agency action, nor asks the Court to set aside the Report as unlawful. Instead, the Third Claim alleges that "explanations set forth in the March 2018 Report" are "inadequate" and "[t]hus, the VA's ultimate determination that PCC owes approximately $6 million (or any amount) in overpayments must be set aside." SAC ¶¶ 108–09. Because VA has formally withdrawn its "determination that PCC owes approximately $6 million … in overpayments," there is no basis for the Court to review the allegedly inadequate explanations that preceded that withdrawn final agency action. And, PCC has not alleged that the March 2018 Report, separately and independent of the withdrawn ultimate determination of liability, constitutes a final agency action. PCC cannot request the Court set the Report aside as unlawful for the first time in a motion for summary judgment. *See Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (noting a party cannot "flesh out inadequate pleadings" at summary judgment).

PCC also wants the Court to review VA's alleged decision to retroactively revoke approval of the PCC Aviation Programs. PCC's allegations identifying this action, however, are vague and conclusory and VA is unaware of any such action. Paragraph 114 of the SAC alleges "VA is *now arguing* that the PCC Aviation Programs *should not have been approved* to receive Post-9/11 G.I. Bill funding." ECF 21 ¶ 114 (emphasis added). Then, without explanation or development, the next paragraph alleges "VA's *decision to retroactively revoke* its previous

Page 6 -    Joint Status Report

4868-1217-1622.3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

approval of the PCC Aviation Programs … is arbitrary, capricious, and contrary to law." *Id.* ¶ 115 (emphasis added). To locate or identify such agency action, VA asked PCC for a copy of the alleged decision. When PCC advised it does not have a copy of the decision, VA asked PCC to explain who made the decision to retroactively revoke previous approval of the flight programs, when the decision was made, and how the decision was conveyed. PCC could not provide these basic details and instead cited paragraphs 114 and 115 of the SAC. Those paragraphs do not adequately identify the supposed agency action. With VA unaware of any such action, and PCC unable to identify the decision beyond a conclusory allegation, there is no action for VA to defend, and no action for which VA can compile an administrative record. Furthermore, any such agency action would be of no consequence given VA has withdrawn all findings of liability for the tuition and fees disputed in this case.

VA cannot compile an administrative record for unpled and unspecified – or even nonexistent – agency actions. Insofar as PCC wants an administrative record to challenge final agency action(s) under the APA beyond the withdrawn liability decisions, the proper course is for PCC to seek leave to amend to identify the final agency actions, the basis of judicial review,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 7 -   Joint Status Report

4868-1217-1622.3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204

and the relief PCC seeks as to those actions. Until the operative pleading states so much, it is premature for VA to compile an administrative record.

DATED this 23rd day of May 2023.

| MILLER NASH LLP | NATALIE K. WIGHT<br>United States Attorney<br>District of Oregon |
|---|---|
| */s/ Vanessa T. Kuchulis* | */s/ Patrick J. Conti* |
| Stacey A. Martinson, P.C., OSB No. 074708<br>stacey.martinson@millernash.com<br>Vanessa T. Kuchulis, OSB No. 154387<br>vanessa.kuchulis@millernash.com<br>111 SW Fifth Ave, Ste 3400<br>Portland, OR 97204<br>Phone: 503.224.5858 ⎜ Fax: 503.224.0155 | Patrick J. Conti, OSB No. 141308<br>patrick.conti@usdoj.gov<br>1000 SW Third Ave, Ste 600<br>Portland, OR 97204<br>Phone: 503 727-1000<br><br>*Of Attorneys for Defendants* |
| *Attorneys for Plaintiff* | |

Page 8 -   Joint Status Report

4868-1217-1622.3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
111 SW FIFTH AVE, STE 3400
PORTLAND, OR 97204