**NATALIE K. WIGHT, OSB #035576**
United States Attorney
District of Oregon
**PATRICK J. CONTI, OSB #141308**
Assistant United States Attorney
Patrick.Conti@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone: 503.727.1000
     Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **PORTLAND COMMUNITY COLLEGE,** | Case No.: 3:21-cv-01658-AR |
| Plaintiff, | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, et al.,** | **Oral Argument Requested** |
| Defendants. | |

### CERTIFICATE OF COMPLIANCE WITH LR 7-1

Starting on September 22, 2023, counsel for Defendants made multiple good faith attempts to confer with Plaintiff's counsel about this motion. Plaintiff's counsel responded that they were too busy to confer prior to the filing of this motion and never stated whether their client opposes this motion.

**Page 1 – Defs.' Motion for Judgment on the Pleadings**

## MOTION

Pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1), 12(c), and 12(h)(3), Defendants United States Department of Veterans Affairs and Secretary Denis McDonough (collectively, the "VA"), move for judgment dismissing this case for lack of subject matter jurisdiction. The motion is based on the following memorandum of law, Declaration of Patrick J. Conti ("Conti Decl."), and all filings in this matter.

## INTRODUCTION

The Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (Nov. 18, 1988), confers exclusive jurisdiction to the United States Court of Appeals for Veterans Claims ("Veterans Court") and the Federal Circuit over all "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a), (b). The Ninth Circuit holds that this broad jurisdictional bar "extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (en banc). This is such a case.

In this lawsuit, Plaintiff Portland Community College ("PCC") challenges VA's "scheme to *limit veterans' benefits*" and "claim that it overpaid PCC approximately $6 million *in Post-9/11 G.I. Bill benefits*." Second Am. Compl. ("SAC," ECF 21) ¶¶ 6, 11 (emphases added). Specifically, PCC alleges that "VA issued a decision that retroactively rules that the veterans were not entitled to Post-

9/11 G.I. Bill benefits," and as a result VA is "trying to recoup these same Post-9/11 G.I. Bill benefits." *Id.* ¶ 41.

Because this case relates to whether veterans should receive education benefits, the Court "must cede any claim to jurisdiction over the case, and [PCC] must seek a forum in the Veterans Court and the Federal Circuit." *Veterans for Common Sense*, 678 F.3d at 1025–26; *see also Ashford Univ., LLC v. Sec'y of Veterans Affs.*, 951 F.3d 1332, 1341 (Fed. Cir. 2020) (concluding VJRA's exclusive jurisdiction provision applied to school's challenge to discontinuance of course approval).

## BACKGROUND

The Post-9/11 Veterans Educational Assistance Act of 2008 ("Post-9/11 G.I. Bill") provides education benefits to eligible veterans and other beneficiaries. These benefits include tuition, fees, and a monthly stipend for books and housing. 38 U.S.C. § 3313. VA pays tuition benefits directly to schools on behalf of enrolled veterans. 38 U.S.C. § 3313(h).

VA provides these education benefits pursuant to a comprehensive statutory and regulatory framework. As relevant here, VA only pays tuition benefits to a school if the "course is approved." *See* 38 U.S.C. § 3672(a). VA conducts annual compliance surveys to "ensure that such institutions … and approved courses are in compliance with all applicable provisions of chapters 30 through 36 of [Title 38]." 38 U.S.C. § 3693(a)(1)(A). VA may suspend benefits if it finds "the [statutory] course approval requirements … are not being met" or the school "has violated one or more of the [statutory] recordkeeping or reporting requirements." 38 U.S.C.

**Page 3 – Defs.' Motion for Judgment on the Pleadings**

§ 3690(b)(3)(A).  Additionally, VA can recover education benefits "[w]henever the Secretary finds that an overpayment has been made … relating to educational assistance under a law administered by [VA]."  38 U.S.C. § 3685.

In 2017, VA conducted an annual compliance survey of PCC pursuant to 38 U.S.C. § 3693 and found various discrepancies regarding PCC's compliance with VA laws and regulations.  SAC ¶¶ 27–39.  Based on those findings, VA determined that PCC was overpaid education benefits.  *Id.* ¶ 43.

PCC filed this action to challenge "VA's determination that PCC was … liable for over $6 million in overpayments of post-9/11 G.I. Bill benefits."  Joint Status Report ("JSR," ECF 49) at 2.  VA has withdrawn the decisions finding PCC liable for those education benefits.  *See* ECF 47 (Notice of Withdrawal of Agency Decisions).

PCC, however, continues to challenge two alleged VA actions that underlie the withdrawn decisions to recoup benefits paid to PCC.  First, PCC challenges an alleged VA "decision to revoke approval of PCC's flight program."  JSR at 3.[1]  PCC alleges VA retroactively revoked approval of its courses "to recoup the Post-9/11 G.I. Bill funding for those veteran students who were enrolled" and "to retroactively cut off benefits to veteran students."  SAC ¶ 114.  Second, PCC challenges a January 2018 letter and related March 2018 Report as arbitrary and capricious.  JSR at 3.  As alleged, VA conducted its annual compliance survey of PCC in April 2017, followed by a full audit of beneficiaries enrolled in PCC's flight courses.  SAC ¶¶ 33,

---

[1] VA denies it could revoke approval for PCC's flight program or that its alleged doing so constitutes a final agency action, but for purposes of this motion VA accepts without conceding the contention.

**Page 4 – Defs.' Motion for Judgment on the Pleadings**

36. As part of this oversight, on January 18, 2018, VA sent PCC a letter identifying

discrepancies VA found after review of beneficiary records. *See* Conti Decl. Ex. 1.

On March 28, 2018, VA provided PCC a 300-plus page "Compliance survey

narrative report" that details discrepancies for each beneficiary. SAC ¶ 39; *see also*

Conti Decl. Ex. 2.[2] As detailed in the report, VA found PCC violated its statutory

recordkeeping, certification, and reporting requirements for enrolled VA

beneficiaries. *See* Conti Decl. Ex. 2.

**LEGAL STANDARDS**

Subject matter jurisdiction "can never be forfeited or waived." *Arbaugh v.*

*Y&H Corp.*, 546 U.S. 500, 514 (2006) (cleaned up). "If the court determines at any

time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Fed. R. Civ. P. 12(h)(3).

When a party challenges subject matter jurisdiction under Rule 12(c), courts

"treat the motion as if it had been brought pursuant to Rule 12(b)(1)." *See Matter of*

*Martz*, No. 20-cv-00152-SLG, 2023 WL 3290921, at *3 (D. Alaska May 5, 2023)

(citing Wright & Miller, Federal Practice and Procedure § 1367 (3d ed. April 2023

Update)).

In a challenge to jurisdiction under Rule 12(b)(1), the plaintiff bears the

burden of establishing subject matter jurisdiction. *Safe Air for Everyone v. Meyer*,

373 F.3d 1035, 1039 (9th Cir. 2004). "Federal courts are courts of limited

---

[2] VA likewise contests that the January 2018 letter or March 2018 Report constitute final agency action, but for purposes of this motion VA assumes without conceding so much.

jurisdiction" and an action is presumed to lie "outside this limited jurisdiction."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[N]o

presumptive truthfulness attaches to plaintiff's allegations," and the court may

"hear evidence regarding jurisdiction and resolv[e] factual disputes where

necessary." *Robinson v. United States,* 586 F.3d 683, 685 (9th Cir. 2009) (citation

omitted). When a court "lacks subject-matter jurisdiction, the court must dismiss

the complaint." *Pistor v. Garcia,* 791 F.3d 1104, 1111 (9th Cir. 2015) (citation

omitted).

## ARGUMENT

### A.    District Courts Lack Subject Matter Jurisdiction Over Cases that Relate to VA Benefits

The VJRA, codified at various sections of Title 38, is a comprehensive

remedial scheme that broadly bars district courts from "hearing cases related to VA

benefits." *Veterans for Common Sense,* 678 F.3d at 1023. Section 511(a) of the

VJRA provides in full that

> [t]he Secretary shall decide *all questions* of law and fact necessary to a decision by the Secretary under a law *that affects the provision of benefits* by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and *may not be reviewed by any other official or by any court*, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added). This provision "creates a broad jurisdictional

bar" to judicial review. *Gila River Indian Cmty. v. United States Dep't of Veterans*

*Affs.,* 899 F.3d 1076, 1078 (9th Cir. 2018).

**Page 6 – Defs.' Motion for Judgment on the Pleadings**

At the same time, the VJRA confers exclusive jurisdiction for benefits-related claims to the Article I Veterans Court, whose decisions are then subject to review by the Federal Circuit.  38 U.S.C. §§ 7252, 7261.  Congress established the "independent [Veterans Court] … to rule on all disputes involving the [VA] and veterans … includ[ing] constitutional, statutory, and regulatory matters, and interpretations of law."  H.R.Rep. No. 100–963, at 4, 1988 U.S.C.C.A.N. 5782, 5785–86.  Congress did this to "limit outside 'court intervention' in the VA decisionmaking process," *Veterans for Common Sense,* 678 F.3d at 1022 (quoting H.R.Rep. No. 100–963, at 27), and to avoid "overburdening the district court system," *Bates v. Nicholson,* 398 F.3d 1355, 1364 (Fed. Cir. 2005).

Congress thus barred district courts from hearing claims related to VA benefits in two ways.  "First, Congress has expressly disqualified [district courts] from hearing cases related to VA benefits in § 511(a) ("may not be reviewed by any … court"), and second, Congress has conferred exclusive jurisdiction over such claims to the Veterans Court and the Federal Circuit, *id.* §§ 511(b)(4), 7252(a), 7292(c)."  *Veterans for Common Sense,* 678 F.3d at 1023.  "The provisions may not be co-extensive, so if a claim comes within either provision, the district court is divested of jurisdiction that it otherwise might have exercised under 28 U.S.C. § 1331."  *Id.*

The VJRA's dual provisions barring judicial review "demonstrate that Congress was quite serious about limiting [district court] jurisdiction over *anything*

*dealing with the provision of veterans' benefits."*  *Id.* at 1023 (emphasis added).

Accordingly, the Ninth Circuit has specified that the VJRA's broad bar

> extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those *decisions that may affect such cases.*  If that test is met, then the district court must cede any claim to jurisdiction over the case, and parties must seek a forum in the Veterans Court and the Federal Circuit.

*Id.* at 1025–26 (internal citations omitted) (emphasis added).  The Ninth Circuit has

further explained that "the bar applies not only to the VA's actual benefits

decisions, but also to the VA's resolution of predicate 'questions of law and fact …

under a law that *affects* the provision of benefits.'"  *Gila River Indian Cmty.,* 899

F.3d at 1079 (quoting 38 U.S.C. § 511(a)) (emphasis in original); *see also Blue Water*

*Navy Vietnam Veterans Ass'n, Inc. v. McDonald,* 830 F.3d 570, 574 (D.C. Cir. 2016)

(explaining § 511(a) precludes judicial review if a benefits denial "underlies" the

allegations); *Veterans for Common Sense,* 678 F.3d at 1029 (holding no Article III

jurisdiction for organization's claims concerning mental health care benefits).

Applying this broad bar, circuit courts have repeatedly dismissed claims by

non-veterans that may affect the provision of veterans' benefits.  *See, e.g., Gila*

*River Indian Cmty.,* 899 F.3d at 1079 (holding VJRA barred challenge to VA's

refusal to reimburse provider for care provided to veterans); *Blue Water Navy*

*Vietnam Veterans Ass'n,* 830 F.3d at 574 (holding organization's challenge to

availability of benefits for Agent Orange exposure barred by § 511(a)); *Bates,* 398

**Page 8 – Defs.' Motion for Judgment on the Pleadings**

F.3d at 1364 (holding lawyer's challenge to loss of accreditation to represent veterans before VA fell within VJRA's exclusive jurisdiction scheme).

The Federal Circuit has likewise concluded that a school's challenge to its loss of approval status would affect the provision of benefits under the Post-9/11 G.I. Bill and fell within the exclusive jurisdiction of the Veterans Court. In *Ashford University, LLC v. Secretary of VA*, VA notified a university that it had not received approval from the proper state approving agency. 951 F.3d 1332, 1336 (Fed. Cir. 2020). The university challenged this decision by submitting a petition under 38 U.S.C. § 502 to the Federal Circuit. Section 502 provides an exception to the judicial bar of § 511(a) and allows a party to petition the Federal Circuit to review VA substantive rules of general applicability. *See* 38 U.S.C. §§ 502, 511(b)(1). The Federal Circuit dismissed the petition because VA's decision regarding the school's approval status was part of an adjudication rather than a rule of general applicability. *Ashford Univ.*, 951 F.3d at 1338. The school argued that if § 502 did not apply, then VA's decision would escape judicial review. The Federal Circuit rejected the argument after concluding that a decision on the university's approval status would affect the provision of education benefits to veterans, and thus fell within the exclusive jurisdiction of the Veterans Court. *Id.* at 1341 ("[W]e conclude that the [VJRA's specialized review process] is applicable to the VA's actions in question.").

**B.      This Case Relates to VA Benefits**

There is no disputing that PCC's action relates to benefits and would require

the Court to review decisions that affect the provision of education benefits.  Indeed,

as PCC puts it, this case challenges VA's "scheme to *limit veterans' benefits* …."

SAC ¶ 6 (emphasis added).  Per PCC, VA did this by conducting "compliance

surveys" and deciding that "it should not have approved [PCC's flight program]."

*Id.* ¶¶ 7–9.  PCC now challenges these VA actions in order to thwart "VA's wrongful

claim that it overpaid PCC approximately $6 million in Post-9/11 G.I. Bill *benefits*

…."  *Id.* ¶ 11 (emphasis added).[3]  By statute, benefits paid to schools are based on

the eligibility of individual veterans and are paid on behalf of those veterans.  *See*

38 U.S.C. § 3313(a), (h); *Ashford,* 951 F.3d at 1335.

The VA decisions PCC wants the Court to review confirm that this case falls

within the exclusive jurisdiction of the Veterans Court.  PCC challenges an alleged

decision by VA to revoke approval for PCC's flight-school courses.  Course approval

is governed by 38 U.S.C. §§ 3670 *et seq.*  Per 38 U.S.C. §§ 3313(a) and 3672(a),

veterans enrolled in PCC courses cannot receive education benefits for such

enrollment unless those courses are "approved."  As such, whether VA validly

revoked approval for PCC's courses, as alleged, is a question of law and fact under a

---

[3] This summary of PCC's action is not cherrypicked.  The Second Amended
Complaint refers to "benefit" or "benefits" 32 times.  *See* SAC ¶¶ 2, 6, 8, 9, 11, 21–
24, 31, 35, 41, 43, 47–49, 52–54, 79, 114–115.  And it uses the term "Alleged
Tuition/Fees Debt," which PCC defines as the challenged "Post-9/11 G.I. Bill
benefits," another 32 times.  *See id.* ¶¶ 47, 48, 50, 53, 55–58, 60, 76, 78, 80, 81, 91–
93, 101, 117, 119.

law that directly affects whether veterans should have received education benefits

for those courses. *See Ashford Univ.,* 951 F.3d at 1341 ("We conclude that the

system of Board review is applicable to the VA's actions in question."). PCC's

complaint admits so much. PCC describes the challenged decision as one "that

*retroactively* rules that the veterans were not entitled to Post-9/11 G.I. Bill

benefits," SAC ¶ 41 (emphasis in original), and alleges VA did this "to recoup the

Post-9/11 G.I. Bill funding for those veteran students who were enrolled." SAC ¶

114; *see also id.* ("VA is now arguing that the PCC Aviation Programs should not

have been approved to receive Post-9/11 G.I. Bill Funding…. [and t]his final agency

decision also included a[] … decision to retroactively cut off benefits to veteran

students.").[4]

PCC's challenge to VA's January 2018 letter and March 2018 Report (the

"Compliance Findings") is similarly barred by the VJRA. As part of its oversight of

education benefits paid to PCC, VA audited PCC pursuant to 38 U.S.C. § 3693.

PCC now challenges the Compliance Findings made through that oversight,

including findings that PCC violated statutory recordkeeping, certification, and

reporting requirements for its enrolled VA beneficiaries. These findings underlie

whether education benefits should be paid to PCC on behalf of veterans for the

---

[4] That VA already paid PCC the tuition assistance and the issue involves
recouping rather than providing benefits is of no consequence. "There is no
material difference between [VA] deciding to grant benefits, deny benefits, or, as
here, rescind benefits." *Bracken v. United States*, No. 3:19-cv-982-J-34PDB, 2020
WL 3610810, at *4 (M.D. Fla. July 2, 2020) (dismissing for lack of jurisdiction
challenge to VA recoupment of benefits).

**Page 11 – Defs.' Motion for Judgment on the Pleadings**

audited courses. The Court is thus asked "to resolve predicate 'questions of law and fact … under a law that *affects* the provision of benefits.'" *Gila River Indian Cmty.,* 899 F.3d at 1080 (quoting 38 U.S.C. § 511(a)) (emphasis in original). And again, PCC's complaint admits so much. In challenging the Compliance Findings, PCC asserts that it "has already rebutted all of the findings," and "[t]hus the VA's ultimate determination that PCC owes approximately $6 million … in [benefits] overpayments must be set aside." SAC ¶ 109. That is, PCC wants the Court to find the Compliance Findings for the individual beneficiaries are arbitrary and capricious, and determine PCC students were entitled to education benefits for those courses. The VJRA bars the Court from reviewing decisions that so plainly affect the provision of benefits. *See Price v. United States,* 228 F.3d 420, 421 (D.C. Cir. 2000) (ruling court lacked jurisdiction to consider claim where "underlying the claim is an allegation that" VA wrongly denied benefits).

Because resolution of PCC's challenge to its approval status and tuition discrepancies "may affect" the provision of veterans' education benefits, the Court "must cede any claim to jurisdiction over the case, and [PCC] must seek a forum in the Veterans Court and the Federal Circuit." *Veterans for Common Sense,* 678 F.3d at 1025–26.

## CONCLUSION

For these reasons, the Court should grant VA's motion and dismiss this case for lack of subject matter jurisdiction.

///

**Page 12 – Defs.' Motion for Judgment on the Pleadings**

DATED this 5th day of October, 2023

NATALIE K. WIGHT
United States Attorney
District of Oregon

*/s/ Patrick J. Conti*
PATRICK J. CONTI
Assistant United States Attorney
Attorneys for Defendants